This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38048**

**TATYANA KOMOGOROVA,**

      Plaintiff-Appellant,

v.

**BERNALILLO COUNTY BOARD OF COMMISSIONERS,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

The Gilpin Law Firm, LLC
Donald G. Gilpin
Christopher P. Machin
Albuquerque, NM

for Appellant

Kennedy, Moulton & Wells, P.C.
Deborah Denise Crow Wells
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Plaintiff appeals the district court's grant of summary judgment in favor of Defendant. This Court proposed summary affirmance in its notice of proposed disposition. Plaintiff filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     In our calendar notice, this Court followed the burden-shifting methodology set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and adopted by New Mexico as a general framework in *Smith v. FDC Corp.*, 1990-NMSC-020, ¶ 9, 109 N.M. 514, 787 P.2d 433. We proposed to conclude that (1) Plaintiff did not establish by the preponderance of the evidence that she had met the minimum qualifications for the position in question, and (2) Plaintiff therefore failed to meet her prima facie burden that she had applied for a job for which she was qualified. [CN 2-6] Further, we proposed to conclude that Plaintiff's evidence—that certain individuals testified to their misinformed belief that Plaintiff met or exceeded the minimum hiring requirements—failed to establish a genuine issue of material fact as to whether Plaintiff met her prima facie burden. [Id. 6-7] Finally, we noted in passing that it did not appear Plaintiff was challenging either the district court's findings concerning the qualifications of the successful candidate, or the district court's conclusions that Defendant's proffered rationale for hiring a different job candidate was legitimate, non-discriminatory, and not pretextual. [Id.] We noted those findings would be deemed binding on appeal. [Id.]

**{3}**     Plaintiff's MIO does not dispute the facts or point to error in the law relied upon in our notice. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Instead, Plaintiff challenges for the first time the district court's conclusion under the third prong of *McDonnell Douglas* that no genuine issue of material fact precludes summary judgment in favor of Defendant on the question of pretext, specifically whether Defendant's reasons for not hiring the unqualified Plaintiff and instead hiring the successful candidate were pretextual. [MIO 3-4] In so doing, Plaintiff relies on very same facts she argued in her docketing statement for the first prong of *McDonnell Douglas*. [Id.] Plaintiff continues to suggest that the testimony of certain individuals raises a genuine issue of material fact as to whether Plaintiff was minimally qualified for the position, an argument we rejected in our calendar notice. [Id.] To the extent Plaintiff's MIO seeks to establish pretext on the basis of these same facts, we reject this argument on the same basis. These individuals' testimony neither provides Plaintiff with the minimum educational and supervisory qualifications she did not otherwise possess at the time of her application, nor creates a genuine issue of material fact as to whether Defendant's hiring decision was made on a pretextual basis. [CN 6-7] Plaintiff also argues certain facts suggesting endemic bias or sexual discrimination in Defendant's Human Resources Department [MIO 4], but these facts cannot elevate Plaintiff to the status of a minimally qualified candidate and help her satisfy her initial burden in this regard. Plaintiff proffers no facts suggesting that endemic bias or sexual discrimination in Defendant's Human Recourses Department prevented her from demonstrating she met minimum job qualifications and thus met her prima facie burden.

**{4}**     We note that, consistent with Plaintiff's arguments [MIO 2], our courts do not apply the *McDonnell Douglas* framework "rigidly" because "[t]he specific facts of a case must be considered in determining whether a plaintiff has established a prima facie

case of discrimination[.]" *Silverman v. Progressive Broad., Inc.*, 1998-NMCA-107, ¶ 17, 125 N.M. 500, 964 P.2d 61. However, Plaintiff does not persuade us in this case that the specific and undisputed facts support any conclusion other than that Plaintiff failed to meet the minimum qualifications for the position for which she applied. We therefore conclude that Plaintiff failed to establish her initial burden under *McDonnell Douglas* of demonstrating by a preponderance of the evidence a prima facie case of discrimination. *Silverman*, 1998-NMCA-107, ¶ 17. We conclude further that Plaintiff failed to demonstrate a genuine issue of material fact on this issue requiring a trial on the merits. Accordingly, summary judgment was properly granted in favor of Defendant.

**{5}** For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's grant of summary judgment.

**{6} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**